IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SONGYANG DAFUDU E-COMMERCE CO., LTD., SHANXI TINGHAO HEALTH & TRADE CO., LTD., and SUZHOU TOOLWORKS TOOLS CO., LTD., <br><br>             Plaintiffs, <br><br>   v. <br><br> HOMEDICS USA, LLC, <br><br>             Defendant, | 25-cv-10887 <br><br> **DECLARATORY JUDGMENT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Songyang Dafudu E-Commerce Co., Ltd., Shanxi Tinghao Health & Trade Co., Ltd., and Suzhou ToolWorks Tools Co., Ltd. (collectively, "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendant Homedics USA, LLC ("Defendant"), allege as follows:

## NATURE OF THE ACTION

1. This is an action seeking declaratory judgment of non-infringement of United States Patent No. 8,407,826 (the "'826 Patent") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

2. Plaintiffs seek declaratory judgment that none of Plaintiffs' accused foot spa bath products infringe any claim of the '826 Patent.

3. Plaintiffs also seek declaratory judgment that Defendant's '826 Patent is invalid.

## THE PARTIES

4. Plaintiff Songyang Dafudu E-Commerce Co., Ltd. is a corporation organized under the laws of the People's Republic of China, with its principal place of business in China.

5. Plaintiff Shanxi Tinghao Health & Trade Co., Ltd. is a corporation organized under the laws of the People's Republic of China, with its principal place of business in China.

6. Plaintiff Suzhou ToolWorks Tools Co., Ltd. is a corporation organized under the laws of the People's Republic of China, with its principal place of business in China.

7. Defendant is a Michigan limited liability company with its principal place of business located at 3000 N Pontiac Trail, Commerce Township, Michigan. Defendant owns or controls the HoMedics brand and is the assignee of the '826 Patent.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and 28 U.S.C. §§ 1331 and 1338.

9. This Court has personal jurisdiction over Defendant because Defendant is incorporated and headquartered in Michigan, conducts business within this District, and has directed enforcement actions related to the '826 Patent toward Plaintiffs' products sold in this District.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendant resides in this District and substantial events giving rise to Plaintiffs' claims occurred in this District.

## FACTUAL BACKGROUND

11. Defendant owns U.S. Patent No. 8,407,826 entitled "Bath Apparatus with Therapy Centers," which relates to foot spa devices having removable, rotatable therapy attachments. **Exhibit A.**

12. Plaintiffs sell various foot spa bath products through the Amazon marketplace to consumers in the United States, including within this District.

13. On March 21, 2025, Defendant submitted infringement complaints to Amazon asserting that Plaintiffs' foot spa bath products infringe the '826 Patent, causing the removal of Plaintiffs' listings from Amazon.

(1) Complaint ID 17445315251 (ASINs: B0CPLRX3F4, B09PY33NHB, B0D2H44P73, B0BVHV87Q4, B0CW9RW61C, B0D72N6TTJ, and B0DLB4BCVL) **Exhibit B.**

14. Plaintiffs' foot spa products do not include a removable, rotatable therapy attachment as required by each independent claim of the '826 Patent.

15. Specifically, Plaintiffs' accused products have therapy attachments permanently secured by screws, and thus are not designed to be removed by ordinary users without professional disassembly, contrary to the claim limitations.

16. During the prosecution of the '826 Patent, Defendant's predecessor explicitly distinguished prior art devices that had therapy attachments secured by bolts or screws, disclaiming coverage of such fixed attachments to overcome patent examiner rejections.

17. By virtue of this prosecution history disclaimer, the term "removably received" in the claims of the '826 Patent excludes attachments secured with screws or bolts.

18. Plaintiffs' foot spa products are, therefore, outside the scope of every claim of the '826 Patent as properly construed.

## COUNT I
### Declaratory Judgment of Non-Infringement of the '826 Patent

19. Plaintiffs incorporate by reference paragraphs 1 through 18 above as if fully set forth herein.

20. Defendant's actions and accusations create a substantial controversy of sufficient immediacy and reality regarding alleged infringement of the '826 Patent.

21. Plaintiffs' foot spa bath products do not meet each and every limitation of the independent claims of the '826 Patent because Plaintiffs' therapy attachments are permanently affixed with screws and are not removably received by the user.

22. Plaintiffs' products therefore do not literally infringe any claim of the '826 Patent.

23. Defendant is precluded from asserting infringement under the doctrine of equivalents because of the prosecution history disclaimer explicitly excluding screw-fixed attachments from the scope of the patent's claims. Specifically, during prosecution, the applicant stated clearly: "Chen also fails to disclose or suggest each therapy center including a removable and rotatable therapy attachment. Neither element 15 nor 22 is removably attached to the bottom surface of the immersing vessel 20. Instead, vibrator 15 is fixed on the shaft of the motor and massaging cushion 22 is bolted to the immersing vessel 20." Such statements constitute a clear and unmistakable disavowal of fixed attachments.

24. Accordingly, Plaintiffs seek a declaration from this Court that their accused foot spa bath products do not infringe any claim of the '826 Patent, either literally or under the doctrine of equivalents.

## COUNT II
### Declaratory Judgment of Invalidity of the '826 Patent

25. Plaintiffs incorporate by reference paragraphs 1 through 24 above as if fully set forth herein.

26. U.S. Patent No. 8,407,826 (the "'826 Patent") is invalid under 35 U.S.C. §§ 102 and/or 103 due to prior art disclosures by Ho (US2005/0187496A1, hereinafter "Ho") **Exhibit C**, and Ferber (US6393633B2, hereinafter "Ferber"). **Exhibit D**.

27. Specifically, Ho constitutes prior art under 35 U.S.C. § 102(e) as its effective filing date is February 23, 2004, which predates the earliest effective filing date of the '826 Patent.

28. Ho expressly discloses a bath apparatus comprising a bath chamber for containing fluid and receiving a user's body part, a bottom surface, and a wall structure extending upwardly therefrom. Ho further discloses a motor mounted beneath the bottom surface and therapy attachments removably and rotatably received on the bottom surface, which are operably connected to the motor to provide therapeutic rotary motion to the user's body part. Thus, Ho anticipates at least independent claims 1, 18, and 19 of the '826 Patent under 35 U.S.C. § 102.

29. Further, Ferber constitutes prior art under 35 U.S.C. § 102(b) as its issue date, May 28, 2002, precedes the effective filing date of the '826 Patent by more than one year. Ferber discloses a foot bath apparatus including a bath chamber with a bottom surface and upwardly extending wall structure, a motor beneath the bottom surface, and removable, rotatable massage attachments that provide therapeutic massage to a user's feet, closely corresponding to the elements of the independent claims of the '826 Patent.

30. To the extent any minor differences might exist between Ho or Ferber and the independent claims of the '826 Patent, such differences constitute obvious variations or combinations to a person of ordinary skill in the art at the time the alleged invention was made. Therefore, independent claims 1, 18, and 19 of the '826 Patent are also invalid under 35 U.S.C. § 103.

31. Dependent claims 2-17 and 20-22 of the '826 Patent are also invalid under 35 U.S.C. §§ 102 and/or 103 because they represent predictable variations or combinations of known prior art features explicitly taught or suggested by Ho and/or Ferber

32. Accordingly, Plaintiffs seek a declaration from this Court that all claims of the '826 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of Ho and Ferber.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Declare that Plaintiffs' products do not infringe any valid claim of U.S. Patent No. 8,407,826;

2. Declare that U.S. Patent No. 8,407,826 is invalid under 35 U.S.C. §§ 102 and/or 103;

3. Enjoin Defendant from asserting U.S. Patent No. 8,407,826 or any rights associated with it against Plaintiffs' products or any other products similar in design, to any third-party platforms, including but not limited to Amazon, eBay, Walmart, or any other e-commerce platforms;

4. Award Plaintiffs their reasonable attorneys' fees and costs of this action, pursuant to 35 U.S.C. § 285;

5. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted:

Date: March 31, 2025

/s/ Ruoting Men
Ruoting Men
Tao Liu
Wei Wang
**Glacier Law LLP**
41 Madison Ave, Suite 2529
New York, NY 10010
(212) 729 5049
Ruoting.men@glacier.law
Tao.liu@glacier.law
Wei.wang@glacier.law
***Attorneys for Plaintiffs***